Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**Law Office of Matthew S.L. Cate**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400

*Counsel for Plaintiff Zhaocheng Anthony Tan*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| **Zhaocheng Anthony Tan**, <br><br> Plaintiff, <br><br> v. <br><br> **United States Department of Justice**, <br><br> Defendant. | Case No. 5:25-cv-10688 <br><br> **Complaint** |

Zhaocheng Anthony Tan brings this suit against the United States Department of Justice ("DOJ" or "Department"), stating in support:

**Introduction**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through the FOIA, Tan has requested and continues to seek disclosure of DOJ records relating to (1) certain executive orders President Donald Trump issued which claim to delay enforcement of the so-called TikTok ban and make the social media application available despite an act of Congress that prohibits TikTok's distribution in the United States while it is controlled by its foreign ownership and (2) the DOJ's efforts to remove apparently lawful online applications and social media pages that share publicly available information about U.S. Immigration and Customs Enforcement ("ICE") activity.

3. To date, the DOJ has failed to comply with FOIA's statutory deadlines and has improperly withheld records responsive to Tan's FOIA requests.

4. The DOJ has therefore violated the FOIA and has contravened the FOIA's purpose, because the withheld information will greatly inform the public about "what their government is up to." *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989).

5. Tan now asks the Court for an injunction requiring the DOJ to promptly release the withheld records.

## Jurisdiction

6. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## Venue and Intradistrict Assignment

7. Tan resides in San Jose, California. Venue is therefore proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402.

8. Assignment to the San Jose Division is proper pursuant to Local Rule 3-2(c)-(d) because a substantial portion of the events giving rise to this action occurred in Santa Clara County, including Tan's submission of the FOIA requests at issue.

## Parties

9. Tan is a resident of San Jose, California.

10. The DOJ is a federal executive department within the executive branch of the United States government and an agency within the meaning of 5 U.S.C. § 552(f).

## Background Allegations

**A. The Trump Administration claims to delay the TikTok ban.**

11. In 2024, Congress enacted the Protecting Americans from Foreign Adversary Controlled Applications Act ("PAFACAA" or the "Act"). Among other things, the Act defines TikTok as a "foreign adversary controlled application" and prohibits companies such as

1  Apple and Google from "Providing services to distribute, maintain, or update such foreign ad-
2  versary controlled application . . . by means of a marketplace (including an online mobile appli-
3  cation store) through which users within the land or maritime borders of the United States may
4  access, maintain, or update such application" unless and until TikTok is no longer operated,
5  directly or indirectly, by China-based ByteDance, Ltd., TikTok, or any ByteDance subsidiary.

6  12.  On January 17, 2025, the United States Supreme Court upheld the Act in a *per
7  curiam* order, rejecting arguments by TikTok's current ownership that the Act violated the
8  First Amendment. TikTok shut down services in the United States the next day, and the plat-
9  form application was removed from Apple and Google app stores shortly before the Act went
10 into effect on January 19, 2025.

11 13.  On January 20, 2025, President Trump issued Executive Order 14166 ("First
12 Executive Order"). Among other things, the First Executive Order directed the Attorney Gen-
13 eral "not to take any action on behalf of the United States to enforce the Act for 75 days from
14 the date of this order."

15 14.  The First Executive Order also directed the Attorney General to "take all ap-
16 propriate action to issue written guidance to implement the provisions of" the order and "to
17 issue a letter to each provider stating that there has been no violation of the statute and that
18 there is no liability for any conduct that occurred" before the First Executive Order and
19 through the 75-day period during which the Act would not be enforced.

20 15.  On February 13, 2025, the TikTok application was restored to Apple and
21 Google app stores after the Attorney General issued the "no violation" letters.

22 16.  On April 4, 2025, President Trump issued Executive Order 14258 ("Second
23 Executive Order"). This executive order extended the effect of the first order through June 19,
24 2025. It also directed the Attorney General to issue written guidance to implement the Second
25 Executive Order and to send additional correspondence to relevant companies again purport-
26 ing to inform them that they had not violated the statute and would not be considered to be
27 acting unlawfully through the expiration of the Second Executive Order.
28

17. On June 19, 2025, President Trump issued Executive Order 14310 ("Third Executive Order"). This order further extended the pause on enforcement of the Act, through September 17, 2025, and again directed the Attorney General to issue written guidance and send additional "no violation" correspondence to relevant entities.

18. In February 2025 and April 2025, Tan submitted certain FOIA requests to the DOJ, seeking disclosures relating to the written guidance and letters referenced in the First Executive Order and Second Executive Order.

19. When the Department failed to comply with those requests within the time required by law, Tan successfully sued to compel disclosure of responsive public records the DOJ had unlawfully withheld. *See Tan. v. U.S. Dep't of Justice*, No. 5:25-cv-03980 (N.D. Cal.); *see also, e.g.*, Charlie Savage, *Trump Claims Sweeping Power to Nullify Laws, Letters on TikTok Ban Show*, N.Y. Times (July 3, 2025), http://bit.ly/3Kh9jLG (noting that through his lawsuit Tan "received a more extensive set of Ms. Bondi's letters on Thursday than the Justice Department provided to The Times"); Adi Robertson, *Here are the letters that convinced Google and Apple to keep TikTok online*, The Verge (July 3, 2025), http://bit.ly/4nl4BuG (reporting on records obtained by Tan).

20. On September 16, 2025, President Trump issued Executive Order 14350 ("Fourth Executive Order"). This order further extended the pause on enforcement of the Act, through December 16, 2025, and again directed the Attorney General to issue written guidance and send additional "no violation" correspondence to relevant entities.

**B.  The DOJ pushes companies to remove apparently lawful applications and social media pages that share public information about ICE activity.**

21. As part of its mass-deportation efforts, the Trump Administration has publicly criticized efforts by members of the public to share information about observed ICE activity in cities and neighborhoods throughout the United States.

22. On October 2, 2025, Attorney General Pam Bondi publicly asserted that the Department had successfully pressed Apple to remove from its App Store an app called ICEBlock, which allows people to share the publicly observed locations of ICE activity and which

Bondi claimed, without evidence, "is designed to put ICE agents at risk just for doing their jobs."[1] Around the same time, both Apple and Google also removed from their app stores other apps that report or document ICE activity.

23. On October 14, 2025, the DOJ successfully pressed Meta to shut down a Facebook group that circulated information about ICE activity in Chicago to more than 80,000 group members.[2] Bondi claimed in a social media post that the Facebook group "was being used to dox and target" ICE agents and was removed "following outreach from" the DOJ.[3]

### C.  Tan's FOIA Requests

24. On various dates from February 2025 through October 2025, Tan submitted FOIA requests to the DOJ relating to the Trump Administration's efforts to delay the TikTok ban, the DOJ's efforts to pressure companies to remove from app stores ICEBlock and other apps that report or document ICE activity, and the DOJ's communications regarding the identification of and response to social media accounts the DOJ claims may be used to "dox" or incite violence against law enforcement personnel.

25. The Department has constructively denied these FOIA requests and has thereby withheld public records from disclosure in violation of the law:

**Request No. 1**

26. On February 19, 2025, Tan submitted a FOIA request relating to the First Executive Order and seeking disclosure of:

> a. Any communications on or after January 1, 2025 from Akamai Technologies Inc, Alphabet Inc, Apple Inc, Google LLC, Oracle Corporation, or their representatives, to the Office of the Attorney General that include any of the following keywords: "Tik-

---

[1] Ashley Oliver, *Apple takes down ICE tracking apps after pressure from Bondi DOJ*, Fox Business (Oct. 2, 2025), https://bit.ly/48S59m6; *see also* Chris Cameron, *Apple Takes Down ICE Tracking Apps in Response to Trump Pressure Campaign*, N.Y Times (Oct. 2, 2025), https://bit.ly/4iYgea3.

[2] *See* Eli Tan, *Meta Removes Facebook Group That Shared Information on ICE Agents*, N.Y. Times (Oct. 15, 2025), https://bit.ly/3KOEFdo.

[3] *See id.*; *see also* Ex. 6 at 2 (Bondi social media post).

Tok", "ByteDance", "Protecting Americans from Foreign Adversary Controlled Applications Act", "PAFACA", "Executive Order", or "foreign adversary controlled application".

b. Any communications on or after January 1, 2025 from the Office of the Attorney General to Akamai Technologies Inc, Alphabet Inc, Apple Inc, Google LLC, Oracle Corporation, or their representatives that include any of the following keywords: "TikTok", "ByteDance", "Protecting Americans from Foreign Adversary Controlled Applications Act", "PAFACA", "Executive Order", or "foreign adversary controlled application".

*See* Ex. 1.

27. The DOJ acknowledged receipt of the request on February 21, 2025.

28. As of the filing of this Complaint, and despite the requirements of 5 U.S.C. § 552(a)(6)(A)(i), the DOJ has not notified Tan of the scope of documents that it will produce or the scope of documents that it plans to withhold in response to this Request No. 1.

**Request No. 2**

29. On June 28, 2025, Tan submitted a FOIA request relating to the Third Executive Order and DOJ correspondence regarding TikTok, seeking copies of:

a. Any letters issued by the Attorney General or the Department of Justice as required by Section 1 Paragraph (c) of Executive Order 14310.

b. Any written guidance issued by the Attorney General or the Department of Justice as required by Section 1 Paragraph (b) of Executive Order 14310.

c. Any other correspondence about TikTok from the Attorney General or the Department of Justice to Apple Inc., Alphabet Inc., or its subsidiary Google LLC.

Ex. 2.

30. On July 31, 2025, the DOJ informed Tan that due to "unusual circumstances, we need to extend the time limit to respond to your request beyond the" time provided by law.

31. As of the filing of this Complaint, and despite the requirements of 5 U.S.C. § 552(a)(6)(A)(i), the DOJ has not notified Tan of the scope of documents that it will produce or the scope of documents that it plans to withhold in response to this Request No. 2.

**Request No. 3**

32. On July 4, 2025, Tan submitted a FOIA request to the DOJ seeking copies of three items of correspondence that his request specifically identifies as being referenced in letters Attorney General Pamela Bondi sent to Google LLC, Apple Inc., and Microsoft Corporation. Ex. 3.

33. On August 7, 2025, the DOJ informed Tan that due to "unusual circumstances, we need to extend the time limit to respond to your request beyond the" time provided by law. *Id.* at 1.

34. As of the filing of this Complaint, and despite the requirements of 5 U.S.C. § 552(a)(6)(A)(i), the DOJ has not notified Tan of the scope of documents that it will produce or the scope of documents that it plans to withhold in response to this Request No. 3.

**Request No. 4**

35. On September 24, 2025, Tan submitted a FOIA request to the DOJ seeking copies of:

   a. Any letters issued by the Attorney General or the Department of Justice pursuant to Section 1(c) of Executive Order 14350 of September 16, 2025, "Further Extending the TikTok Enforcement Delay".

   b. Any written guidance issued by the Attorney General or the Department of Justice pursuant to Section 1(b) of Executive Order 14350 of September 16, 2025, "Further Extending the TikTok Enforcement Delay".

   c. Any written guidance, correspondence, or memoranda issued internally within the Department of Justice by the Attorney General or the Department of Justice to implement or operationalize any of the [First through Fourth Executive Orders].

   d. Any correspondence, memoranda, or formal written opinions issued by the Department of Justice's Office of Legal Counsel or Office of Legal Policy that references the "Protecting Americans from Foreign Adversary Controlled Applications Act" or "TikTok".

Ex. 4.

36. On September 26, 2025, the DOJ acknowledged receipt of the request.

37. As of the filing of this Complaint, and despite the requirements of 5 U.S.C. § 552(a)(6)(A)(i), the DOJ has not notified Tan of the scope of documents that it will produce or the scope of documents that it plans to withhold in response to this Request No. 4.

**Request No. 5**

38. On October 15, 2025, Tan submitted a FOIA request to the DOJ seeking:

    a. All communications from any person at DOJ to any person at or representative of Apple Inc that refers, directly or indirectly, to the ICEBlock app, as referenced in Attorney General Bondi's [statements quoted in the press on October 2, 2025].

    b. Any responses from any person acting on behalf of Apple Inc to any of the communications described [in the above paragraph].

    c. Any communications between (1) DOJ on one hand, and (2) Apple Inc, Alphabet Inc, or Google LLC on the other hand, that refers, directly or indirectly, to any of the following apps: ICEBlock, Eyes Up, Red Dot, and DelCER.

    d. Any communications between (1) DOJ on one hand, and (2) Apple Inc, Alphabet Inc, or Google LLC on the other hand, that refers, directly or indirectly, to any app's alleged ability or purpose to provide location information about law enforcement officers or to harm law enforcement officers.

Ex. 5.

39. On October 20, 2025, the DOJ acknowledged receipt of the request.

40. As of the filing of this Complaint, and despite the requirements of 5 U.S.C. § 552(a)(6)(A)(i), the DOJ has not notified Tan of the scope of documents that it will produce or the scope of documents that it plans to withhold in response to this Request No. 5.

**Request No. 6**

41. On October 21, 2025, Tan submitted a FOIA request to the DOJ seeking:

    a. All communications from any person at DOJ to any person at or representative of Meta Platforms Inc that refers, directly or indirectly, to any Facebook group pages, as referenced in Attorney General Bondi's [October 14, 2025, social media post].

      b. Any responses from any person acting on behalf of Meta Platforms Inc to any of the communications described [in the above paragraph].

      c. Any communications between (1) DOJ on one hand, and (2) Meta Platforms Inc (including Facebook, Instagram, and WhatsApp), X Corp, Alphabet Inc (including YouTube), ByteDance Ltd (including TikTok), Snap Inc, Reddit Inc, or Bluesky Social PBC on the other hand, that refers, directly or indirectly, to the alleged ability, purpose, or action of any person, account, group, forum, or page to dox, locate, target, harm, or incite violence against law enforcement officers.

Ex. 6.

42. On October 22, 2025, the DOJ acknowledged receipt of the request.

43. As of the filing of this Complaint, and despite the requirements of 5 U.S.C. § 552(a)(6)(A)(i), the DOJ has not notified Tan of the scope of documents that it will produce or the scope of documents that it plans to withhold in response to this Request No. 6.

## Cause of Action

## Violation of FOIA, 5 U.S.C. § 552

44. Plaintiff re-alleges and incorporates by reference all previous paragraphs as if fully set forth herein.

45. FOIA provides this Court with "jurisdiction to enjoin [the DOJ] from withholding agency records and to order the production of any agency records improperly withheld from" Plaintiff. *See* 5 U.S.C. § 552(a)(4)(B).

46. The DOJ is an agency subject to the FOIA.

47. Plaintiff has asked the DOJ to disclose agency records within its control.

48. Despite its obligation to do so under the law, the DOJ has not made or communicated to Plaintiff the required "determination" within the meaning of the FOIA and has not disclosed any public records responsive to Plaintiff's requests.

49. There is no basis under FOIA for the DOJ to withhold, in whole or in part, the public records that Plaintiff has requested. The DOJ has therefore wrongfully withheld agency records in violation of FOIA.

50. Plaintiff therefore requests a judicial declaration that the DOJ has violated FOIA and that Plaintiff is entitled to immediately receive the requested public records.

51. Plaintiff further requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court issue an injunction directing the DOJ to produce the requested records in full and setting a deadline for compliance.

**Prayer for Relief**

Plaintiff asks that the Court:

A. Provide for expeditious proceedings in this action;

B. Declare that the records sought by Plaintiff, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

C. Declare that the DOJ violated FOIA by failing to timely provide requested public records responsive to Plaintiff's request; and by failing to notify Plaintiff of a final determination as to the request within the statutory time limit;

D. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing the DOJ to make the requested records available to Plaintiff, unredacted, and without further delay, and setting a deadline for compliance;

E. Award Plaintiff his costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. Grant Plaintiff such other relief as this Court may deem just and proper.

Date: December 15, 2025

*/s/ Matthew S.L. Cate*
Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**Law Office of Matthew S.L. Cate**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400

*Counsel for Plaintiff Zhaocheng Anthony Tan*