CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7167
    FAX: (415) 436-6748
    kenneth.brakebill@usdoj.gov

Attorneys for Defendant
UNITED STATES DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHAOCHENG ANTHONY TAN,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>   Defendant. | CASE NO. 5:25-CV-10688-SVK<br><br>**ANSWER TO COMPLAINT**<br><br>Honorable Susan Van Keulen<br>United States Magistrate Judge |

    Defendant Department of Justice (the "Department"), by and through undersigned counsel, hereby submits this Answer to the Complaint (ECF No. 1), filed by Plaintiff Zhaocheng Anthony Tan ("Plaintiff") on December 15, 2025.  To the extent the Complaint refers to, or quotes, from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.  Defendant

ANSWER TO COMPLAINT
5:25-CV-10688-SVK

1

expressly denies all allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs[1] as follows:

### Responses to Paragraphs 1-5

1. Defendant admits that this case arises under the Freedom of Information Act ("FOIA,"), 5 U.S.C. § 552. The remainder of this paragraph consists of Plaintiff's characterization of this lawsuit to which no response is required.

2. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

3. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

4. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

5. This paragraph consists of Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

### Response to Paragraph 6

6. This paragraph contains Plaintiff's legal conclusion regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction subject to the terms and limitations of the FOIA.

### Responses to Paragraphs 7-8

7. The first sentence of this paragraph consists of Plaintiff's characterization of Zhaocheng Anthony Tan, about which Defendant lacks sufficient knowledge or information as to the truth of the allegations. The second sentence of this paragraph consists of Plaintiff's legal conclusion regarding venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district for an action properly brought under the FOIA.

---

[1] Defendant believes that no response is required to the headings contained in the Complaint (Fed. R. Civ. P. 10(b)), to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

ANSWER TO COMPLAINT
5:25-CV-10688-SVK

2

8. Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph. To the extent a response is required, Defendant admits that assignment to the San Jose Division is proper in this action.

**Responses to Paragraphs 9-10**

9. Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

10. Defendant admits that it is a federal agency within the meaning of the FOIA.

**Responses to Paragraphs 11-20**

11. This paragraph consists of conclusions of law, and Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no responses are required.

12. This paragraph consists of conclusions of law, and Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no responses are required.

13. Defendant admits that on January 20, 2025, President Trump issued Executive Order 14166. The rest of this paragraph consists of conclusions of law, and Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no responses are required.

14. This paragraph consists of conclusions of law, and Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no responses are required.

15. This paragraph consists of Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

16. Defendant admits that on April 14, 2025, President Trump issued Executive Order 14258. The rest of this paragraph consists of conclusions of law, and Plaintiff's characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to

ANSWER TO COMPLAINT
5:25-CV-10688-SVK

1  which no responses are required.

2  17. Defendant admits that on June 19, 2025, President Trump issued Executive Order 14310.
3  The rest of this paragraph consists of conclusions of law, and Plaintiff's characterization of alleged
4  background information not pertinent to the resolution of the claims at issue in this FOIA action, to
5  which no responses are required.

6  18. Defendant admits that Plaintiff submitted certain FOIA requests to Defendant in February
7  2025 and April 2025.  The rest of this paragraph consists of Plaintiff's characterization of alleged
8  background information not pertinent to the resolution of the claims at issue in this FOIA action, to
9  which no response is required.  Defendant respectfully refers the Court to Plaintiff's actual FOIA
10 requests for a complete and accurate statement of those requests.

11 19. Defendant admits that Plaintiff previously initiated a lawsuit against the Department in
12 *Tan . Dep't of Just.*, Civ. A. No. 25-3980 (N.D. Cal.), in which the Department released all responsive
13 materials to Plaintiff's FOIA requests at issue in that action.  The rest of this paragraph consists of
14 Plaintiff's characterization of alleged background information not pertinent to the resolution of the
15 claims at issue in this FOIA action, to which no response is required.

16 20. Defendant admits that on September 16, 2025, President Trump issued Executive Order
17 14350.  The rest of this paragraph consists of conclusions of law, and Plaintiff's characterization of
18 alleged background information not pertinent to the resolution of the claims at issue in this FOIA action,
19 to which no responses are required.

**Responses to Paragraphs 21-23**

21 21. This paragraph consists of Plaintiff's characterization of alleged background information
22 not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is
23 required.

24 22. This paragraph consists of Plaintiff's characterization of alleged background information
25 not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is
26 required.

27 23. This paragraph consists of Plaintiff's characterization of alleged background information
28

ANSWER TO COMPLAINT
5:25-CV-10688-SVK

not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

**Responses to Paragraphs 24-25**

24.     Defendant admits that the Department's Office of Information Policy ("OIP") received six FOIA requests from Plaintiff dated, respectively, February 19, June 28, July 4, September 24, October 15, and October 21, 2025.  The remainder of this paragraph consists of Plaintiff's characterization of this lawsuit or characterization of alleged background information not pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

25.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations therein.

**Responses to Paragraphs 26-28**

26.     Defendant admits that OIP received a FOIA request from Plaintiff dated February 19, 2025, refers the Court to the FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

27.     Defendant admits that OIP sent an acknowledgement letter, dated February 21, 2025, to Plaintiff.  Defendant respectfully refers this Court to the February 21, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

28.     Defendant admits that as of the date of the Complaint it has not made a final determination regarding Plaintiff's FOIA request or produced any records in response to this request.

**Responses to Paragraphs 29-31**

29.     Defendant admits that OIP received a FOIA request from Plaintiff dated June 28, 2025, and received by OIP on July 2, 2025, refers the Court to the FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

30.     Defendant admits that OIP sent an acknowledgement letter, dated July 31, 2025, to Plaintiff in which it invoked unusual circumstances.  Defendant respectfully refers this Court to the July 31, 2025, letter for a complete and accurate statement of its contents and denies any allegations

inconsistent therewith.

32. Defendant admits that as of the date of the Complaint it has not made a final determination regarding Plaintiff's FOIA request or produced any records in response to this request.

**Responses to Paragraphs 32-24**

32. Defendant admits that on July 10, 2025 OIP received a FOIA request from Plaintiff dated July 4, 2025, refers the Court to the FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

33. Defendant admits that OIP sent an acknowledgement letter, dated August 7, 2025, to Plaintiff in which it invoked unusual circumstances. Defendant respectfully refers this Court to the August 7, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

34. Defendant admits that as of the date of the Complaint it has not made a final determination regarding Plaintiff's FOIA request or produced any records in response to this request.

**Responses to Paragraphs 35-37**

35. Defendant admits that OIP received a FOIA request from Plaintiff dated September 24, 2025, and received by OIP on September 26, 2025, refers the Court to the FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

36. Defendant admits that its Mail Referral Unit (MRU) sent an acknowledgement letter, dated September 26, 2025, to Plaintiff.

37. Defendant admits that as of the date of the Complaint it has not made a final determination regarding Plaintiff's FOIA request or produced any records in response to this request.

**Responses to Paragraphs 38-40**

38. Defendant admits that on October 20, 21025 OIP received a FOIA request from Plaintiff dated October 15, 2025, refers the Court to the FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

39. Defendant admits that OIP sent an acknowledgement letter, dated December 17, 2025, to Plaintiff. Defendant respectfully refers this Court to the December 17, 2025, letter for a complete and

ANSWER TO COMPLAINT
5:25-CV-10688-SVK

6

accurate statement of its contents and denies any allegations inconsistent therewith.

40. Defendant admits that as of the date of the Complaint it has not made a final determination regarding Plaintiff's FOIA request or produced any records in response to this request.

**Responses to Paragraphs 41-43**

41. Defendant admits that on November 3, 2025 OIP received a FOIA request from Plaintiff dated October 22, 2025, refers the Court to the FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

42. Defendant admits that the Department's MRU sent an initial letter of receipt, dated October 22, 2025, to Plaintiff, and requesting additional information about Plaintiff's request. Defendant further avers that the MRU sent a second letter to Plaintiff, dated November 3, 2025, acknowledging that it had forwarded the request to OIP.

43. Defendant admits that as of the date of the Complaint it has not made a final determination regarding Plaintiff's FOIA request or produced any records in response to this request.

**Responses to Paragraphs 44-51**

44. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

45. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies any allegations that it improperly withheld any records.

46. Admitted.

47. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

48. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that as of the date of the Complaint it has not made a final determination regarding Plaintiff's FOIA requests or produced any records in response to these requests, and otherwise denies.

49. This paragraph consists of Plaintiff's legal conclusions to which no response is required.

To the extent a response is required, Defendant denies.

50.     This paragraph consists of Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

51.     This paragraph consists of Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

**Response to Plaintiff's Prayer for Relief**

The unnumbered paragraphs following Paragraph 51 of the Complaint consist of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief, including the relief listed in paragraphs A through F, or to any relief whatsoever. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

1.     Plaintiff is not entitled to compel production of records or portions thereof because they are protected from disclosure by one or more exemptions of the FOIA. *See* 5 U.S.C. § 552(b).

2.     The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

3.     Plaintiff is neither eligible nor entitled to attorneys' fees and costs.

4.     The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a Freedom of Information Act request at issue in this action.

5.     The Court lacks subject-matter jurisdiction over some or all of the claims alleged.

ANSWER TO COMPLAINT
5:25-CV-10688-SVK

8

6. Plaintiff failed properly to administratively exhaust, and accordingly Plaintiff's claims fail.

7. Plaintiff's Complaint should be dismissed because the claims are moot.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendant respectfully requests that:

1. Plaintiff takes nothing by his Complaint;

2. Plaintiff's Complaint be dismissed with prejudice;

3. No injunctive relief be awarded to Plaintiff;

4. Defendants be awarded their costs of suit;

5. Judgment be entered in favor of Defendant; and

The Court grant such other and further relief as it may deem proper.

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

DATED: February 3, 2026

*Kenneth Brakebill*
KENNETH BRAKEBILL
Assistant United States Attorney
Attorneys for Defendant

ANSWER TO COMPLAINT
5:25-CV-10688-SVK

9