CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KENNETH W. BRAKEBILL (CABN 196696)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7167
   FAX: (415) 436-6748
   kenneth.brakebill@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHAOCHENG ANTHONY TAN,<br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>      Defendant. | CASE NO. 5:25-CV-10688-BLF<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:     March 19, 2026<br>Time:    11:00 a.m.<br>Location: Zoom videoconference<br>Judge:   Hon. Beth Labson Freeman |

1    Plaintiff Zhaocheng Anthony Tan ("Plaintiff" or "Tan") and Defendant U.S. Department
2  of Justice ("Defendant" or "Department") together with its component the Office of Information
3  Policy ("OIP") (collectively, "the Parties") respectfully submit this Joint Initial Case Management
4  Statement.

**1.     Jurisdiction and Service**

Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). *See* ECF No. 1. This Court has jurisdiction under 28 U.S.C. § 1331. Defendant has been served, and Defendant answered Plaintiff's Complaint. *See* ECF No. 13. There are no issues pertaining to personal jurisdiction, venue, or service.

**2.     Facts**

This action arises out of a series of six FOIA requests (the "Requests") submitted by Plaintiff to Defendant from February 2025 through October 2025. The Requests generally concern two different topics. Requests 1 to 4 ("TikTok Requests") generally seek letters, correspondence, communications and/or guidance relating to certain Executive Orders issued by President Trump in 2025 concerning the Protecting Americans from Foreign Adversary Controlled Applications Act, while Requests 5 to 6 ("Applications Requests") generally seek communications between the Department and certain companies (Apple, Alphabet, Meta and others) starting in 2025 relating to applications and other content that allegedly report or document public activity of law enforcement officers, including U.S. Immigration and Customs Enforcement agents. *See* ECF No. 1 ¶¶ 24-42.

Given the number of Requests and their attendant subparts, Defendant has implemented a search and production plan which prioritizes conducting searches for the TikTok Requests, and processing responsive material located pursuant to those searches, prior to focusing on the searches for, and processing of, material responsive to the Applications Requests.

For Requests 1 to 4: Defendant has initiated searches (including use of the search terms requested by Plaintiff), has initially processed certain materials for responsiveness and FOIA exemptions, and is working to issue an interim response to Plaintiff. More specifically:

- Requests 2(a), 3: Defendant expects to issue an interim response to Plaintiff within

1

30 days, or by April 13, 2026.

- Requests 1, 2(b)-(c), 4(a)-(c): Defendant is utilizing Plaintiff's requested word searches for Request 1, which Defendant will also apply in its initial search to identify records potentially responsive to Requests 2(b)-(c) and 4(a)-4(c). The anticipated search yield will require more time for initial document review and subsequent processing, and Defendant will provide a written update to Plaintiff on the status of the search, review and processing within 45 days, or by April 28, 2026. If Defendant is able to make an interim response prior to that time, it will do so.

- Request 4(d): This Request seeks records of the Office of Legal Policy ("OLP") and the Office of Legal Counsel ("OLC"). Because OLP is one of OIP's client offices, OIP is working to determine the extent of OLP's involvement, if any, regarding the relevant Executive Orders. Because OLC is not one of OIP's client offices, OIP partially routed Request 4(d) to OLC to initiate an independent search of OLC records. Defendant will provide a written update to Plaintiff on the status of the search, review and processing within 45 days, or by April 28, 2026. If Defendant is able to make an interim response prior to that time, it will do so.

<u>For Requests 5 to 6</u>: Defendant plans to conduct searches, review any potentially responsive materials for responsiveness and FOIA exemptions, and respond to Plaintiff as soon as reasonable given competing efforts for Requests 1 to 4, above. Defendant will provide an updated plan and status within 45 days, or by April 28, 2026.

**3.     Legal Issues**

At issue in this litigation is Plaintiff's single cause of action alleging that Defendant violated FOIA by not providing a "determination" within the meaning of FOIA and for improperly withholding agency records. The specific legal issues potentially include the scope and nature of Defendant's search for and production of records responsive to Plaintiffs' FOIA requests; whether Defendants have met their obligations to Plaintiffs under FOIA; and whether

1  Plaintiffs will be entitled to an award of attorneys' fees and other litigation costs. The Parties are
2  working in good faith to attempt to resolve Plaintiff's claims without intervention from the Court.

3  **4. Motions**

4  There are no prior or pending motions. If the Parties do not resolve Plaintiff's claim, they
5  anticipate filing cross-motions for summary judgment. *See Sakamoto v. EPA*, 443 F. Supp. 2d
6  1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper
7  avenue for resolving a FOIA claim."). However, at the present juncture, the Parties believe it is
8  premature to enter into a proposed briefing schedule given that, as explained in Section 2 *supra*,
9  Defendant has been conducting searches, review of potentially responsive materials, including
10 FOIA processing, and plans to respond to Plaintiff consistent with its obligations under the FOIA.
11 Plaintiff then may review Defendant's responses and the Parties expect to then meet and confer to
12 resolve any remaining issues.

13 **5. Amendment of Pleadings**

14 The Parties do not expect to add or dismiss any parties, claims, or defenses.

15 **6. Evidence Preservation**

16 The Parties have met and conferred under Rule 26 of the Federal Rules of Civil
17 Procedure, and they have agreed to take reasonable and proportionate steps to preserve evidence
18 relevant to the issues reasonably evident in this case. The Parties do not believe that this case
19 raises significant e-discovery issues.

20 **7. Disclosures**

21 Plaintiff reserves the right to seek disclosures at a later date, if necessary and appropriate.
22 Defendant contends that initial disclosures are not necessary because this is a FOIA action.

23 **8. Discovery**

24 Plaintiff reserves the right to seek discovery at a later date, if necessary, including
25 pursuant to Federal Rule of Civil Procedure 56(d)(2). Defendant contends that discovery is not
26 warranted because this is a FOIA action. No discovery has been taken by either Plaintiff or
27 Defendant.
28

3

### 9. Class Actions

This lawsuit is not a class action.

### 10. Related Cases

The Parties are unaware of any related cases before another judge of this Court.

### 11. Relief

Plaintiff seeks (1) a declaration that the records he seeks are public records under the FOIA and must be disclosed; (2) a declaration that Defendant violated the FOIA by failing to timely provide the requested public records and by failing to notify Plaintiff of its final determination of the request within the time required by law; (3) an order directing Defendant to disclose all non-exempt records responsive to Plaintiff's FOIA requests without redaction or further delay; and (4) an award of reasonable attorneys' fees and litigation costs. *See* ECF No. 1. Defendant objects to Plaintiff's requested relief, seeks a judgment in its favor and to recover any potential recoverable costs.

### 12. Settlement and ADR

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time. The Parties have filed their ADR certifications. The Parties will reassess once Defendant determines it has fully responded to the FOIA requests, or if the Parties otherwise determine they have reached an impasse in this litigation. The Parties will continue to meet and confer regarding potential settlement.

### 13. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14. Narrowing of Issues

The Parties have met and conferred to narrow the issues in dispute, and they will continue to do so. If necessary, the Parties may narrow any issues by stipulation.

**15.  Scheduling**

The Parties anticipate that this matter can ultimately be resolved through a negotiated settlement or, if necessary, by cross-motions for summary judgment. The Parties submit, however, that setting a further case schedule is premature at the time of the filing of this Joint Case Management Statement.

In light of the current plan, described in Section 2 *supra*, the Parties respectfully request that the Court continue the Case Management Conference to **Thursday, May 21, 2026**. In advance of that Conference, the Parties will continue to meet and confer, and will advise the Court of the status of Defendant's searches, review and responses and of the Parties' proposed next steps in a joint status report to be filed no later than May 14, 2026.

**16.  Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. The Parties anticipate this matter will be resolved through mutual negotiations or, if required, on cross-motions for summary judgment.

**17.  Disclosure of Non-Party Interested Entities or Persons**

Defendant is not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15.  Plaintiff filed a certification on March 11, 2026.

**18.  Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**19.  Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition**

The Parties have agreed to accept service of correspondence and productions electronically. There are no other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

LAW OFFICE OF MATTHEW S.L. CATE

Dated: March 12, 2026                            */s/ Matthew S.L. Cate*
                                                                  MATTHEW S.L. CATE

| | |
|---|---|
| | *Attorneys for Plaintiff* |
| | |
| | CRAIG H. MISSAKIAN |
| | United States Attorney |
| Dated: March 12, 2026 | /s/ *Kenneth W. Brakebill* |
| | KENNETH W. BRAKEBILL |
| | Assistant United States Attorney |
| | |
| | *Attorneys for Defendant* |

# ATTORNEY ATTESTATION

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Kenneth W. Brakebill*
KENNETH W. BRAKEBILL